MTGLQ Invs., L.P. v Boccio (2021 NY Slip Op 02149)





MTGLQ Invs., L.P. v Boccio


2021 NY Slip Op 02149


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-12549
2019-13221
 (Index No. 56/18)

[*1]MTGLQ Investors, L.P., respondent,
v
Robert Boccio, appellant.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Druckman Law Group PLLC, Westbury, NY (Maria Sideris of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated August 3, 2019, and (2) an order of the same court dated September 24, 2019. The order dated August 3, 2019, insofar as appealed from, denied those branches of the defendant's motion which were to compel acceptance of his late answer and to vacate an order of reference dated November 29, 2018, and an order and judgment of foreclosure and sale dated March 5, 2019. The order dated September 24, 2019, denied the defendant's motion to stay enforcement of the order and judgment of foreclosure and sale.
ORDERED that the order dated August 3, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated September 24, 2019, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The Supreme Court properly denied those branches of the defendant's motion which were to compel acceptance of his late answer and to vacate an order of reference dated November 29, 2018, and an order and judgment of foreclosure and sale dated March 5, 2019. Although the defendant established a reasonable excuse for his failure to timely answer the complaint, he failed to establish a potentially meritorious defense to the action.
The defendant's remaining contention is without merit.
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court